**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<table>
<tr>
<td>

FARM CREDIT EAST, ACA,

    Plaintiff,

      v.

F/V MARKET PRICE (O.N. 1275363), *in rem*, et al.,

    Defendants.

</td>
<td>

Civil Action No. 24-8309 (RK) (JBD)

**MEMORANDUM ORDER**

</td>
</tr>
</table>

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Farm Credit East, ACA's ("Plaintiff") Amended Motion for Default Judgment, (ECF Nos. 30, 30-3, 30-4), against Defendants F/V *Carol Ann* (O.N. 615907), F/V *Major Expense* (O.N. 627357), F/V *Market Price* (O.N. 1275363), and each Vessel's engines, boilers, tackle, electronics, appurtenances, and federal fishing permits (respectively, Nos. 330396, 330566, 251849) (collectively, "Defendant Vessels" or "Defendants") and upon Plaintiff's Motion for Judicial Sale of the Defendant Vessels, (ECF No. 27). Following careful consideration of Plaintiff's Verified Complaint, ("Compl.," ECF No. 1), unopposed Motions, (ECF Nos. 27, 30, 30-3, 30-4), attached affidavits, exhibits, and all other filings of record in this action,[1] and the applicable authority, *see* Commercial Instruments and Maritime Liens Act ("CIMLA"), 46 U.S.C. § 31301 et seq.; Supplemental Rules for Admiralty

---

[1] The voluminous record before the Court includes the Defendant Vessels' Mortgages, Security Agreements, Inventories, and Abstracts of Title, (ECF Nos. 1-3 to 1-9; ECF No. 31 at 5–27, 89–101), documents showing the at-issue loan defaults, (ECF Nos. 1-2, 1-10, 1-11, 1-12), Plaintiff's Notices of Action and Arrest as published in the relevant newspapers, (ECF No. 25-1 at 5–11; ECF No. 31 at 29–33, 86), and affidavits by Plaintiff's attorneys, ("Duggan Aff.," ECF No. 30-1; "Braden Aff.," ECF No. 30-2; *see also* ECF No. 25-1), and senior loan officer, ("Somma Aff.," ECF No. 26-2).

and Maritime Claims ("Supplemental Rules"), Rules C, E; Local Admiralty and Maritime Rule ("LAMR") (c)(2)–(4), (e); Fed. R. Civ. P. 55(b), the Court finds as follows:

1. The Court has subject matter jurisdiction over this admiralty and maritime action pursuant to 28 U.S.C. § 1333. *See* 28 U.S.C. § 1333(1) (codifying district courts' original, exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction"); 46 U.S.C. § 31325(b)–(c) (providing that district courts have original jurisdiction over *in rem* civil actions against documented vessels to enforce preferred mortgage liens upon default); *see also* U.S. Const. art. III, § 2, cl. 1 (conferring federal court jurisdiction over "all Cases of admiralty and maritime Jurisdiction").

2. The Court has personal jurisdiction over the Defendant Vessels given their presence within this District at all relevant times. (Compl. ¶¶ 3–6; ECF No. 30-3 at 1); *see Depth Charge Marine, LTD. v. F/V C. ANN*, No. 24-6336, 2025 WL 1088236, at *4 (D.N.J. Apr. 11, 2025) (collecting cases).

3. The Court is "satisf[ied] . . . that due notice of the action and arrest of the property has been given" in accordance with 46 U.S.C. § 31325(d)(1), Supplemental Rule C(4), and LAMR (c)(2)–(4), such that Plaintiff has satisfied the applicable notice and service requirements. LAMR (c)(3)(a); (Braden Aff. ¶¶ 6–9, 11–14; Duggan Aff. ¶¶ 3–4, 6).[2]

---

[2] "A party seeking a default judgment in an action *in rem* must satisfy the Judge that due notice of the action and arrest of the property has been given (1) by publication as required in LAMR (c)(2), . . . (2) by service of the complaint and warrant of arrest upon the Master or other person having custody of the property . . . [and] (3) [i]f the defendant property is a vessel documented under the laws of the United States, plaintiff must attempt to notify all persons identified as having an interest in the vessel in the United States Coast Guard Certificate of Ownership." LAMR (c)(3)(a); *see* LAMR (c)(3)(c), (c)(4) (providing that plaintiff may show notice via affidavit or certificate of counsel).

*First*, Plaintiff published notices of this action and Defendants' arrests in newspapers of general circulation where Defendants were seized in accordance with LAMR (c)(2), (c)(3)(a)(1), and the Order of Public Notice issued by the Honorable J. Brendan Day, U.S.M.J., (ECF No. 16). (ECF No. 25-1 at 5–11; ECF No. 31 at 29–33, 86; *see* Braden Aff. ¶¶ 11–14; ECF No. 30-3 at 8–9; ECF No. 30-4 ¶¶ 27–28); *see also* 46 U.S.C. § 31325(d)(1) ("Actual notice of a civil action . . . to enforce a maritime lien[] must be given in the

4. Defendants have failed to appear, timely answer Plaintiff's Complaint, or timely file a verified statement of right or interest regarding the Complaint or Plaintiff's preferred mortgages; the time for filing an answer or claim of right or interest has expired, with no one appearing to claim the Defendant Vessels; and the Clerk of the Court entered default against Defendants on December 1, 2025. (Docket Entry dated Dec. 1, 2025); *see* Fed. R. Civ. P. 55(a); LAMR (c)(4); (*see also* ECF No. 18).

5. Plaintiff's well-pleaded Complaint allegations, which are deemed admitted on default, together with the ample supportive evidence of record, *see supra* note 1, sufficiently establish Defendants' liability as a matter of law. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008). As to each Defendant Vessel, Plaintiff has adequately shown its valid preferred mortgages, (ECF Nos. 1-3, 1-4, 1-5),[3] and the defaults thereupon, (ECF Nos. 1-2, 1-10, 1-11, 1-12), thus entitling Plaintiff to enforce its preferred maritime liens against the Defendant Vessels by foreclosing on the mortgages pursuant to 46

---

manner directed by the court . . . .”). *Second*, Plaintiff effectuated service consistent with LAMR (c)(3)(a)(2) as evidenced by, *inter alia*, the Process Receipt and Return from the U.S. Marshals Service, (ECF Nos. 21–24), Plaintiff's detailed averments, (Braden Aff. ¶¶ 6–9, 13–14; Duggan Aff. ¶¶ 3–4, 6), and the parties’ Consent Order to extend Defendants’ time to answer the Complaint and stay the execution of the arrest warrants, (ECF No. 18). (*See* ECF No. 30-3 at 2–3, 8; ECF No. 30-4 ¶¶ 4, 12, 14, 26, 28); *Corporativo Groupo R SA de C.V. v. Marfield Ltd.*, 606 F. Supp. 3d 502, 516 (S.D. Tex. 2022) (granting default judgment in CIMLA action to enforce preferred mortgage and reasoning that “Defendants’ Response to Intervenors’ Motion to Intervene confirms that they received ‘actual notice’ of the civil action, as required by 46 U.S.C. § 31325(d)(1)”), *aff'd on other grounds*, 64 F.4th 603 (5th Cir. 2023). *Finally*, Plaintiff has sufficiently shown, as per the Defendant Vessels’ Abstracts of Title recorded by the U.S. Coast Guard, (ECF No. 31 at 6, 8–13, 15–27), that no other persons have an interest in the Defendant Vessels, nor has any such person appeared in this action or contacted Plaintiff, (Dugan Aff. ¶ 5; ECF No. 30-4 ¶¶ 23–24, 28). *See* LAMR (c)(3)(a)(3), (c)(4)(b); (*see also* ECF Nos. 1-6, 31 at 89–91, 94–98, 100–01; Braden Aff. ¶¶ 3–4, 17).

[3] Each Defendant Vessel's Mortgage is a preferred mortgage as defined in the CIMLA; each covers “the whole” of the documented vessel and was “filed in substantial compliance” with the relevant statutory requirements. 46 U.S.C. § 31322(a); *see id.* §§ 31321(b), 31325(a); (ECF Nos. 1-3, 1-4, 1-5; Compl. ¶¶ 9–15; ECF No. 31 at 5–27; *see also* ECF No. 30-4 ¶¶ 18–20).

3

U.S.C. § 31325 and selling the Defendant Vessels pursuant to 46 U.S.C. § 31326. (Compl. ¶¶ 9–30; Braden Aff. ¶¶ 4, 8.)[4]

6. All default judgment factors support the entry of default judgment against Defendants. (*See* ECF No. 30-3 at 4–6); *PPG Indus. Inc v. Jiangsu Tie Mao Glass Co.*, 47 F.4th 156, 160 n.8 (3d Cir. 2022) (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)); *see also Depth Charge Marine*, 2025 WL 1088236, at *7 (finding default judgment factors satisfied in CIMLA action).[5]

7. Plaintiff has shown, through "detailed affidavits and documentary evidence," *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2–3 (D.N.J. July 17, 2013), entitlement as follows to sum certain damages totaling $2,588,032.20 for the foregoing legally

---

[4] Under 46 U.S.C. § 31325(b), the holder of a preferred mortgage on a maritime vessel that is in default may enforce the terms of that mortgage by bringing an *in rem* action against the vessel, and § 31326(a) in turn provides that "[a] vessel [may be] sold by order of a district court in a civil action *in rem* brought to enforce a preferred mortgage lien or a maritime lien." 46 U.S.C. §§ 31325(b), 31326(a); *see Bank of the W. v. Sailing Yacht Serendipity*, 101 F. Supp. 3d 238, 248–50, 254–55 (E.D.N.Y. 2015) (granting default judgment and judicial sale of defendant vessel and explaining elements of *in rem* claim to enforce preferred mortgage: plaintiff must show (1) it has a valid preferred mortgage under the CIMLA and (2) mortgagor is in default); *Pawtucket Credit Union v. M/Y Sea Rayna*, 560 F. Supp. 3d 690, 694–95, 694 n.1 (D. Conn. 2021) (same); *Goldfish Shipping, S.A. v. HSH Nordbank AG*, No. 07-3518, 2008 WL 4809410, at *4 (E.D. Pa. Nov. 3, 2008) (explaining judicial sale of maritime vessel in default).

[5] Three factors govern the entry of default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164. Plaintiff satisfies all three. (*See* ECF No. 30-3 at 4–6.) "Here, there is more prejudice to Plaintiff if default judgment is denied than there is to many other plaintiffs. . . . Plaintiff is prejudiced by the mere fact it has no other means to vindicate its claim, [and] the injury to Plaintiff is unceasing," as Plaintiff has had to pay over $12,000 per month in storage expenses since the Defendant Vessels' arrests in September and October 2025. *Depth Charge Marine*, 2025 WL 1088236, at *7; (Braden Aff. ¶ 16). As to the second and third factors, Defendants' non-appearance supports both that their litigable defenses are "nonexistent" and that their conduct is culpable. *Depth Charge Marine*, 2025 WL 1088236, at *7 (explaining that default by defendant "provides further indicia that Defendant's litigable defenses are nonexistent"); *Slover v. Live Universe, Inc.*, No. 08-2645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) ("Defendant is also presumed culpable where it has failed to answer, move, or otherwise respond."); *Farmlind Produce, LLC v. Sickles Mkt., LLC*, No. 24-3746, 2024 WL 3509488, at *6 (D.N.J. July 23, 2024) (collecting cases that state that district courts "must . . . presume that defendant has no[]" meritorious defense where defendant has not appeared, answered, or otherwise defended the action).

viable claim. (*See* ECF No. 30-4 at 10–11); LAMR (e)(1); *PPG Indus. Inc*, 47 F.4th at 161; *see also* 28 U.S.C. §§ 1920(1), 1921(a)(1).

a. Plaintiff has adequately substantiated its damages requests for the outstanding mortgage indebtedness secured by the Defendant Vessels totaling $2,449,530.85 in principal and interest, plus continuing interest; $12,000.00 in U.S. Marshals' fees for arresting the Defendant Vessels; $126,251.35 in substitute custodian and storage costs ($12,750.00 per month) to National Maritime Services and Yank Marine[6]; and $250.00 in court filing fees. (Compl. ¶¶ 24, 30; Braden Aff. ¶¶ 8, 16; Somma Aff. ¶¶ 4–5); *see* 28 U.S.C. §§ 1920(1), 1921(a)(1); 46 U.S.C. § 31325(a); (ECF No. 30-3 at 7; ECF No. 30-4 ¶¶ 6–10, 18–20, 23; *see also* ECF No. 1-10 at 1; ECF No. 30-4 at 10–11).

b. Plaintiff has not, however, provided legal justification for its recovery of the costs of publishing notices of this action and Defendants' arrests. (ECF No. 29 at 1 (citing *Fincantieri Marine Repair LLC v. Geysir*, No. 22-410, 2023 WL 2217272, at *13 (M.D. Fla. Feb. 4, 2023), *report and recommendation adopted*, 2023 WL 2213505 (D.N.J. Feb. 24, 2023); *U.S. All. Fed. Credit Union v. M/V Kamara Fam.*, No. 20-1733, 2022 WL 607048, at *3 (E.D.N.Y. Feb. 8, 2022), *report and recommendation adopted*, 2022 WL 603933 (E.D.N.Y. Mar. 1, 2022))); *see* 28 U.S.C. §§ 1920(1), 1921(a)(1).[7]

---

[6] Judge Day previously "deem[ed] just and reasonable" the storage and safekeeping costs charged by the interim and substitute custodians, and the Court sees no reason to depart from that finding here. (ECF No. 17 ¶ 5; *see* ECF No. 9 at 9–13.)

[7] In the Court's Order denying without prejudice Plaintiff's initial motion for default judgment, the Court directed Plaintiff to cases explaining that such publication costs are not provided for as recoverable costs under the relevant authority and are not available in actions *in rem* even if otherwise available in a breach of contract action *in personam*. (ECF No. 29 at 1 (citing *Fincantieri Marine Repair*, 2023 WL 2217272, at *13; *M/V Kamara Fam.*, 2022 WL 607048, at *3).) Plaintiff "still provides no case authority or argument

8. It is in the best interests of the parties that the Court authorize the judicial sale of the Vessels and all their appurtenances, including but not limited to their federal fishing permits and quota, and that the Defendant Vessels be sold at a public auction conducted by the U.S. Marshals Service, thus allowing the Defendant Vessels to be sold free and clear of any liens or other encumbrances and allowing the Court to exercise some oversight over the sale and confirmation process. (*See* ECF No. 27 at 6–7, ECF No. 27-2 ¶¶ 6–7); Supplemental Rule E(9).

Accordingly, for the foregoing reasons and other good cause shown, **IT IS** on this 2nd day of June, 2026,

**ORDERED** that default judgment is **GRANTED** in favor of Plaintiff Farm Credit East, ACA and against Defendants F/V *Carol Ann* (O.N. 615907) and her engines, boilers, tackle, appurtenances, electronics, and her federal fishing permit (No. 330396), etc.; F/V *Major Expense* (O.N. 627357) and her engines, boilers, tackle, appurtenances, electronics, and her federal fishing permit (No. 330566), etc.; and F/V *Market Price* (O.N. 1275363) and her engines, boilers, tackle, appurtenances, electronics, and her federal fishing permit (No. 251849), etc.; and it is further

**ORDERED** and **ADJUDGED** that judgment be, and hereby is, entered in favor of Plaintiff against Defendants in the amount of $2,588,032.20; and it is further

**ORDERED** that Plaintiff's Amended Motion for Default Judgment (ECF No. 30) and Motion for Judicial Sale (ECF No. 27) are **GRANTED IN PART**[8]; and it is further

---

regarding the recovery of these costs." *U.S. All. Fed. Credit Union v. M/V Kamara Fam.*, 691 F. Supp. 3d 646, 657 (E.D.N.Y. 2023) (cleaned up). Any cases the Court has independently found are unpersuasive as they grant publication costs without analyzing the applicable authority to the contrary. *See Fincantieri Marine Repair*, 2023 WL 2217272, at *13 n.24 (collecting cases).

[8] As explained, Plaintiff's Amended Motion for Default Judgment is granted in large part, except that Plaintiff's request for publication costs is denied. *See supra* note 7.

Plaintiff's Motion for Judicial Sale is granted in large part, except that the Court (1) directs that in addition to publishing notice of the judicial sale in the *Asbury Park Press*, (ECF No. 27 at 5), Plaintiff **SHALL** also

**ORDERED** that the Clerk of the Court shall terminate the Motions pending at ECF Nos. 27 and 30; and it is further

**ORDERED** that Plaintiff shall submit a revised proposed Order of Sale of Defendant Vessels and Authorization for Credit Bid (ECF No. 27-2) consistent herewith, *see supra* note 8.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

---

publish such notice in the *Cape May County Herald,* as was done with respect to Plaintiff's notice of this action and arrests, (Braden Aff. ¶ 14; ECF No. 25-1 at 7–8; ECF No. 31 at 86), given F/V *Major Expense*'s presence in Cape May at the time of its arrest, (ECF No. 22), and (2) denies as moot Plaintiff's request that the Court "order the immediate sale" of the Defendant Vessels, (ECF No. 27 at 2).